MEMORANDUM OPINION




No. 04-03-00540-CR



David S. ALVARADO,


Appellant



v.



The STATE of Texas,


Appellee




From the 227th Judicial District Court, Bexar County, Texas


Trial Court No. 2002-CR-5801


Honorable Janna K. Whatley, Judge Presiding (1)



PER CURIAM


Sitting: Sarah B. Duncan, Justice

 Karen Angelini, Justice

 Sandee Bryan Marion, Justice


Delivered and Filed: October 15, 2003


APPEAL DISMISSED

 David S. Alvarado entered into a plea bargain with the State whereby he agreed to plead nolo
contendere to burglary of a habitation with intent to commit assault and the State agreed to recommend a
cap on punishment of thirty years incarceration and a $1,000 fine. Alvarado also agreed to pay restitution.
Alvarado signed a judicial confession to the offense and to the enhancement allegation. The trial court
accepted the plea, found Alvarado guilty as a repeat offender, sentenced him to thirty years imprisonment
in the Texas Department of Criminal Justice - Institutional Division, fined him $1,000, and ordered
restitution. The trial court imposed sentence on July 7, 2003, and signed a certificate stating that this "is a
plea-bargain case, and the defendant has NO right of appeal." See Tex. R. App. P. 25.2(a)(2). After
Alvarado timely filed a notice of appeal, the clerk sent copies of the certification and notice of appeal to
this court. See Tex. R. App. P. 25.2(e). The clerk's record, which includes the trial court's Rule 25.2(a)(2)
certification, has been filed. See Tex. R. App. P. 25.2(d). 

 The clerk's record, which contains a written plea bargain, establishes the punishment assessed by
the court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant.
Ordinarily, "[i]n a plea bargain case ... a defendant may appeal only: (A) those matters that were raised by
written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal."
Tex. R. App. P. 25.2(a)(2). However, as part of his plea bargain, Alvarado signed a waiver of this limited
right of appeal. He therefore may not appeal without the consent of the trial court. See Monreal v. State,
99 S.W.3d 615 (Tex. Crim. App. 2003). The clerk's record does not indicate the trial court gave
Alvarado permission or consent to appeal. (2) The trial court's certification therefore appears to accurately
reflect that this is a plea bargain case and Alvarado does not have a right to appeal. This court must dismiss
an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the
record." Tex. R. App. P. 25.2(d). 

 On September 9, 2003, we gave Alvarado notice that the appeal would be dismissed unless an
amended trial court certification showing he has the right to appeal were made part of the appellate record
within thirty days. See Tex. R. App. P. 25.2(d); 37.1; Daniels v. State, No. 04-03-00176-CR, 2003 WL
21011277 (Tex. App.-San Antonio May 7, 2003, order). No amended certification showing Alvarado
has the right to appeal has been filed. Instead, counsel responded to our notice by filing a brief and motion
to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967), and by filing a pro se brief from
appellant. We do not consider either the Anders brief or the pro se brief. The motion to withdraw and the
appeal are dismissed. Tex. R. App. P. 25.2(d).


 PER CURIAM

Do not publish


1. Sitting by assignment.
2. We also note that the clerk's record does not include any written motions that were ruled upon before trial.